The next case today is Courthouse News Service et al. versus James T. Glessner et al. Appeal number 21-1624 and Bangor Publishing Company Incorporated versus James T. Glessner et al. Appeal number 21-1642. Attorney Smith, please introduce yourself for the record and proceed with your argument. Good morning, Barbara Smith for the media appellants in this case. With the court's permission, I'd like to reserve two minutes of time for rebuttal. You may. Thank you, Chief. This case implicates serious and important First Amendment concerns, although the error committed by the district court below is a relatively straightforward and mundane one. Starting with the First Amendment concerns, this court should hold that the public and the press have a First Amendment right to timely access of newly filed civil complaints, and timely access means access at the point at which the clerk's office receives the complaint for filing, not, as the main rules require, at some point after the clerk's office goes through the ministerial function of reviewing the complaint for things like main bar numbers and attorney signatures. Once the court accepts that that constitutional right attaches to civil complaints, the question is what level of scrutiny applies and whether it is appropriate to adjudicate the merits of that scrutiny at the motion to dismiss stage. We submit that it's not. The mundane error that the district court committed below was failing to accept as true the properly pleaded allegations in the amended complaint that the main rules substantially delay access to newly filed civil complaints. If that's the case and those allegations are taken as true, then the media appellants in this case have the ability to survive a motion to dismiss, proceed through discovery, and have this case decided on the merits at summary judgment or trial, which, by the way, is how all of these other cases have been decided in other courts. And we know here that there's a... Ms. Smith, I'd like to go back to your opening statement. Is this case only about newly filed complaints as opposed to any other civil court filings? That's right, Your Honor. The access we have requested is to newly filed civil complaints, and the harm that we have alleged is a delay in access to those filings. Please, of course, I understand that. So if there were a motion for a preliminary injunction that you wanted access to and you were correct? That's right, Your Honor. Next question. Is this only about electronic case filing or is this about even in those counties in Maine that are not yet part of the experiment on electronic case filing? Is this also about paper filing and immediate access? I'd like to be very precise in this answer because I think it's an extremely important question. We're not suggesting that the Maine state courts are obligated to adopt the Odyssey e-filing system. Some courts currently have it, some may not. All we're alleging is that when a court does opt to utilize that system, it can't delay access that would otherwise be available. So to the extent there are states elsewhere or other counties in Maine that still have paper filing. I'm sorry. Let's go back to that. It has been a little difficult to understand exactly what this case is about. In your first amended complaint, you allege or somebody alleges that a reporter goes on a daily basis to the court and says, do you have any newly filed complaints? And the answer, according to your First Amendment amended complaint, is every day the answer is no or not yet. I thought that referred to both paper access and merely electronic access. So it's paragraph 32 of the First Amendment complaint that talks about this paper filing issue. And I think that the point of that paragraph is that before the adoption of this system, Maine was a paper filing state. And so before the adoption of the Odyssey system, a reporter could go to the courthouse window and get contemporaneous access to newly filed civil complaints. Now, I beg your pardon. What do you mean contemporary access? Didn't the clerk's office have to go through the same steps to accept a document for filing that it is now going through in the electronic filing experimental system in a couple of counties or maybe one county? And only then could you get a copy of it? So I acknowledge that the docketing and intake procedures here may appear complicated, but I do think that this is... No, you're not answering my question. When in the paper filing system, you have used the word contemporaneous access. I am saying, are you alleging that you were given copies even before the clerk went through all of the steps that the Maine law court says a clerk has to go through to accept even a paper document for filing? Yes, we were given access to paper complaints before the processing procedures in the Maine rule that apply to electronic filings. Okay, that's far from clear from your pleadings, but I accept that you might be amending your complaint to allege that. All right, so where are we now on the electronic case filing? It was in three courts. None of this is in the record, but I'm merely curious what has happened in the interim since the dismissal of this complaint? So it's my understanding that the rules that were litigated below are the rules that are currently in effect. I apologize, I don't know the answer to the question whether the electronic filing system has extended to other courts within the state. But frankly, I'm not sure the answer to that question is dispositive to the appeal, because the court takes as true the facts as alleged in the complaint itself, which says there are at least some counties that have this system, and in the counties that use the system there's a delay in access. With respect to what you mean by use the system, I had thought from the filings there are some counties that are using the system but also have provide access to, you can file in paper also. Is that true? So the confusion here may arise because the amended rules say that court clerk's offices can print out electronic filings and give paper copies of them to reporters, so that may be where the confusion about... Let me just ask it this way. Are there any counties of the three that are using the system that also accept paper filing? I don't believe so, your honor. So the way you read the record is that the three counties that are using the system have gone to exclusive e-filing, so there's no paper record to get anymore. That's right, your honor. And may I just clarify that to the extent there is confusion in the record on this, I do think that's just another reason to reverse and remand, because those factual questions are precisely the type that are adjudicated during discovery. I said, yeah, okay, but with respect to the threshold point you made about a civil complaint and that once we accept that there is a right of access to a civil complaint, the right question is then what level of scrutiny do we subject to any restrictions on the access to that civil complaint? That's right. But let me just work through with you so I understand how you draw some lines. I take it you agree that the principle you're announcing would seem equally applicable to a paper filing as an electronic filing, right? The same test applies whether the system is in paper or online. Right. And I take it you agree that if the complaint arrives at the courthouse in an envelope, you don't have a right to the complaint inside the envelope until it's opened, correct? That's not what we're asking for, that's correct. Okay, I take it we have the, you say that's not a point here to worry about because the e-filing system comes opened. There's no closed envelope, you just file it, it's right there, correct? That's right, your honor. Yeah, now I take it the way the e-filing system works, I could file a piece of on that system, correct? I don't know that I've ever seen such a complaint filed, although I... No, it's not a complaint, just a piece of paper that says I hate the county court, I could file that on the system, correct? Well, in order to make a filing, you obviously have to attach it to a case, so you need a case initiating document like a complaint. What does that mean? To start, to invoke the power of the courts and start the process... No, no, no, I just, I'm just on a I log in and now a computer screen comes up, I assume it just allows me to upload a document. And it requires you to do things like identify what type of document it is, to name the parties, to the dispute, if there's not a case to which your document already attaches, you would have to file a complaint in order to start... But can I just, just take it, suppose I don't fill out those fields, or I just put XXX in all those fields, and then I write, I hate the county clerk, can I submit that? Will it get uploaded to the system? You know, your honor, I don't know that anyone has ever tried... I'm not asking whether it's been done, I just want to know whether it can be done. So if you filled in some gibberish in all of the boxes and you checked, you know, all of the drop-down menus that you're required to in order to file a civil complaint, and the civil complaint were nonsense, I suppose, yes, you could file that nonsense civil complaint as you've described it. And your position, I take it, is that you do or do not have a right of access to that nonsense document? We do, your honor. It may not be newsworthy, we may not want to report on a nonsense complaint, but we do have a right... Okay, so here's, this is, I guess, my question. That nonsense document, would that start the clock for the filing of a complaint as a matter of Maine law? So as I understood your hypothetical, it was a nonsense complaint being filed, so that does start the clock... No, I didn't. I said it said XXXXX. There's no case number even written. It's just blah, blah, blah, and it gets uploaded. That document would not trigger, I assume, the accrual rules. It wouldn't satisfy any statute of limitations requirements. It would just be a piece of paper that did just nothing, right? To the extent, and I'm not sure is a factual matter you can do this, you could file a document before a complaint that was nonsense. I would argue that's not what we're asking for here. What we're asking for here is a civil... Yes, that's how. So now what I'd like to know is, since that doesn't count, what in your view, and how do we articulate what a complaint is prior to the time the court has done all its docketing of it to associate with the case through whatever rules they say they have to do to make it one? Do you see what I'm getting at? We need a point in time when it becomes a complaint. And you say that's before they've done all this processing of it. But it's obviously not anything that comes over the transom. So for First Amendment purposes, I need some way of defining what is a civil complaint, and I just want you to articulate for me what you think that is. When you log on to the e-filing system, and one of the drop-down menus is what type of document this is, and you click civil complaint and submit it, we are asking for access to those documents. Civil complaints as identified by the attorney, as flagged in the system as a civil complaint, and as filed, they're identified as civil complaints. That information is contained in what the attorney or the pro se filer has to click, has to identify as part of the filing itself. Suppose, Ms. Smith, there is no case number assigned at that point that has to be assigned by the state. But suppose the nonsense document gets labeled a complaint, and suppose the person who files it is neither pro se nor a member of the bar, and therefore is ineligible to file a complaint. Again, Judge Barron's question, so where do we draw the line based on your theory of immediate access? So based on the contemporaneous access theory, when the system identifies something as a complaint, even if we think it is a frivolous complaint, the media and public have a right to access it. I'm sorry, what do you mean when the system identifies it as a complaint? I've just given you different scenarios under which, under Maine law, it would not be identified as a complaint. Well frankly, if it's not a complaint, then it's not something we're asking for to have access to as part of this case. And Maine is saying we can't determine until our clerk's office has gone through this processing whether it is a complaint or not. Respectfully, that's not what the other side's arguing. What they're saying is we know it's a complaint, and we're doing a ministerial review to ensure that that maybe you know this point about Maine law. Are there complaints that are filed? I assume the answer is going to be yes to this, but it'd be helpful if you could confirm that for me. Are there, quote, complaints that are filed, whether in paper or through the e-filing system, that prior to the processing that Maine wants to subject every complaint to? Count for purposes of starting the litigation clock or stopping the statute of limitations. When the complaint is filed, that is when the statute of limitations starts, not after the At the point it's received in the unopened envelope? At the point in the electronic system, at the point it is submitted by the attorney, that is the point at which it is filed. That's the point at which the court has received it. And am I right then, you're saying any filing that would suffice to count enough as a complaint under Maine law to stop the statute of limitations clock is what you want. And you want it as soon as it comes in and is opened. That's the idea? Yes. And frankly, I don't think there's dispute that that's what we're asking for. I think we on the other side agree that if it is considered a complaint in the filing system, it starts the clock. And we therefore think we're entitled to contemporaneous access to it. They think they're allowed to withhold it until after processing. So the debate here isn't really on what constitutes a complaint. It's once the before you get on to the what is the proper constitutional test, you made an argument that the dialogue you've been having with us simply shows the importance of allowing the complaint to survive so that more facts can be developed. So what are that's a kind of a separate argument you make about, as you say, the mundane rule about 12b6. So what are some of those facts that you think the complaint ought to be allowed to survive to enhance the plausibility of your claim or from the state's point of view, to defend against the plausibility of your claim? Thank you, Your Honor. So frankly, what happens at this point after surviving a motion to dismiss is that the government is put to its proof. It has to submit evidence of what its compelling interest is and how. I didn't ask you that. I asked you to give us an outline of the sort of facts that you think would be pertinent through discovery or judicial notice or to resolving the dispute once you get to the merits. Because part of your argument is on the 12b6 point, you can't reach the merits without the development of more facts here. Okay, so could you focus on that? Yes, yes, Your Honor. And I will give you an example of the type of facts that we hope to develop in discovery. So looking at paragraph 36 of the complaint, we've identified an email that the clerk's office sent to filers indicating that when a complaint is filed, it will take up to 24 business hours for clerk office processing. And we would like discovery on the question of the length of that time that processing takes. And that's precisely how these types of cases develop. We develop our facts on the length of delay and the statistics of how many cases are delayed. The government develops their facts on whether they can put forth any compelling reason for the delay and whether they can combat the facts that we have on the statistics regarding how long the delay lasts. And then at the summary judgment or the trial stage, the court has the opportunity to decide this is what the facts state and that is or isn't a violation of the First Amendment right of access. But the getting in door question, the 12B6 question, is just is a civil complaint the type of document to which the public and press have access? And have we alleged a substantial delay in access to that document? The answer to both questions is yes. And that's why we survived the motion to get into those discovery questions. So if I'm following this, one way it sounds like we could resolve the case at this stage, if we were to rule in your favor, would be even if we assumed that the time, place, and matter rubric was the right one rather than the compelling interest rubric. Strict scrutiny that if we treated this as a time, place, and matter, your view is that it still should go forward for discovery. And then that could be figured out later that even if you think that once it's triggered you then just do time, place, and matter, you still think the district court erred and that we should vacate the decision. Is that right? That's right. Because we think the government has not met their burden under time, place, and matter off of Fortiorari, they've not met their burden under the test we think applies, which is more rigorous. And I think the time, place, and matter test is worth talking about if the court does believe that's the test that applies. Because just like the more rigorous press to scrutiny test, the burden is on government to meet it. It has to show a compelling interest, it has to show narrow tailoring, and it has to show that there's an alternative access to the First Amendment material. Well, Ms. Smith, in fairness, you have to show some denial of access on your theory. And whatever the test, you're going to have to develop more facts on what the amount of time involved, whether that is the denial of access, so on and so forth. That's absolutely right, Your Honor. And at this stage, the court looks at our complaint, sees that we've alleged a delay in access, that's enough to survive 12b-6, and we get into those questions in discovery where we have to say this is the delay and it's unjustified. And the government puts in their evidence saying it is justified or there isn't a delay. And then once those facts are developed at summary judgment or a trial, as other cases raising this question have shown, that's the point at which the district court has the ability to decide the question on the merits. This court need not decide that question. It need not decide whether the access delays that we've alleged are true. It takes those allegations to be true at this stage, and it doesn't have to decide anything beyond that except to say remand for that evidence to developed in discovery. Ms. Smith, you started off by saying that you were not indicating that the state should be compelled to adopt the odyssey system. Is that correct? That's right. It's the state's choice whether it adopts the odyssey system. We're not arguing that it is obligated to do so. All we're saying is that if it adopts the odyssey system, it has to do so in a constitutionally sufficient way. And so you're saying that it would be up to the state at this point to figure out, if you make a request for a complaint, how to deliver it to you? So the answer to that is the implementation is up to the clerk to decide. The court announces the rule and the clerk decides how to implement it. But I will point out that the first amended complaint itself identifies other state courts in California and Nevada who use the odyssey e-filing system who are able to provide contemporaneous access with no additional cost to the court clerk. So on the face of the amended complaint itself, we have identified a less restrictive alternative that the court could choose to adopt if it chose to do so. And if it declines to do so, obviously it will be required to justify that, you know, on remand after discovery. Just one more thing about the filing of a complaint. Is there anything such as the filing of a non-conforming complaint that gets returned? There are complaints that are filed that are to include their main bar number or maybe they've failed to sign the complaint. The processing that the clerk does looks for those things and can, you know, reject those complaints. So is that considered a complaint? It is considered a filed complaint that the clerk then sends back and is corrected by the filer. For purposes of statutes of limitations in the beginning and the opening of the case, however, it's the filing of that initial complaint, even if it's later rejected and refiled, that counts. That's why access to that initially filed complaint, even if there is some sort of ministerial problem with it, is the point at which the First Amendment right attaches. Thank you. Thank you. Thank you. I'd love to reserve the remainder of my time for rebuttal. You have two minutes. You have one minute. Thank you. Bernie Kubetz on behalf of Bangor Publishing Company. I want to answer a couple of questions that were asked and emphasize a couple of points. The rules, to my knowledge, and I practice in Maine. I practice right next door to the Penobscot County Courthouse where this system is in place. There have been no changes of the counties to which the pilot program currently exists. Prior to the electronic program being implemented, if paper complaint was presented at the clerk's window in the courthouse, a reporter had the right and, in fact, did obtain a copy of that complaint before any processing by the clerk's office. So, one of the problems here that... I assume you mean a properly filed complaint. Suppose it is a piece of paper that does not have counsel or a signature from a pro se. Would you have had instantaneous access then? Well, I guess it would depend upon the clerk's judgment at that moment as to whether he or she considered it as a complaint or a properly filed or presented complaint at that stage. But one of the problems here is that the clerk's office has the ability, and it is not only a complaint that to go through, for example, the cover sheet and check to make sure that all of the boxes have been properly filled out. Clerks can reject and do reject on technical grounds the filing as a complaint. Does that document stop the clock for such limitations purposes? Well, that's an interesting question. I don't have an answer for that. The reason why it seems to matter to me is if I read the case law, it has to be a judicial record for you to have access to it. And it's not the case that any document that comes to a courthouse is a judicial record. We've made that clear in the case law. And I don't even understand you to be suggesting that you want stuff that's not a judicial record. And you identify this category of things called complaints that are judicial records. And I'm trying to figure out, well, what is that? I mean, how do we identify? It's not whatever the court says it is, because if that was the case, they could delay you getting it up until the eve of trial, which you would say is ridiculous. On the other hand, it's not anything that's handed to the court at the window, because as you're suggesting, that seems ridiculous also. So there's got to be some category between the court saying, in our judgment, it's a complaint, and anything that's handed at the window that is the judicial record. Any guidance you have as to what that is, what I'm supposed to look to that defines it, would be helpful. Well, and it doesn't get to the point of a judge evaluating whether this is a legitimate, proper complaint. It's a clerk or an assistant clerk who is looking at the document as it comes in, along with the cover sheet. And there is discretion there, but I would suggest that with a fully developed record, we would be able to present evidence that in the paper filing system, reporters had immediate access, that when a document was handed through the window, and the clerk would typically date stamp it, that that would then become available instantaneously to the media. Mr. Kubitz, the reporter doesn't live at the courthouse, right? So it's when the is there, chooses to be there. The reporter may have arrived five hours after the complaint is filed, and then asks for access. The e-filing system, in a sense, improves the ability of the filing of all new complaints. So in fact, e-filing will give faster access to reporters. Have I understood this correctly? Well, theoretically, that is true, but I would tell you that... It's not just theory. The allegation is that the reporter in the paper system went once a day to the courthouse. Well, the reporters from the Bangor Daily News, the office is about 100 yards from the courthouse. Yeah, but presumably, they don't live there. They're back at their office, writing their stories. Well, I would concede that, but although the electronic system is intended, perhaps, to make access easier, the way it has been implemented here, with delays of up to three hours, and with the understanding that, for example, a complaint filed late on a Friday may not be until the following Monday. And in fact, complaints contain requests... There are apparently disputes of fact between you and the state about what actually happened. So I understand you would like the opportunity to develop those facts. Are there other things that you need to correct as to our understanding thus far? Not based upon the questions that I've heard from the bench at this time, no. I'm still trying to figure out what you consider a permissible level of screening before it goes to the press. I mean, there has to be some type of screening, and we're struggling with where the cutoff is for that. You said that when it was manual, there would be a stamp, and you suggest that once it's stamped, it's yours. That's right. Without any further processing. That's right. And was there processing that... But you also suggested that there was some discretion as to when to stamp. They didn't stamp everything. They stamped some things, but not everything. Well, again, I think it subjectively depended upon who the person was at the clerk's window at the time the document was presented, frankly. Well, I guess just to that point, maybe I'll just give you the last chance to answer it. I guess my interest is not in what you actually got in the old system. My interest is in what it makes sense to think you're legally entitled to get, and it can't be the case that you were entitled to get whatever the most stamp-friendly clerk would give you. It would seem that the test might be something like whatever Maine law would treat as a filing that could stop the statute of limitations, you were entitled to have as soon as practicable. I just don't know if there's some... There must be something in Maine law that distinguishes between things that are good enough, though not conforming, to stop the clock and things that aren't good enough to do that. Well, I want to answer that by giving you an example that I've thought of that would be detrimental to the public in the timely dissemination of news in our 24-7 type cycle. Complaints filed late on a Friday, but within the hours of the court, that in fact seek injunctive relief with respect to something that's going to occur over the weekend, or complaints alleging domestic violence or child abuse that don't get quote-unquote processed under the electronic system until the next week, potentially deprive... Mr. Kubits, those are criminal filings, aren't they? I thought this case was about civil. Well, it is, but for example, there are civil filings that address these issues, like grandparent rights filings, alleging abuse by the custodial parent. Those are the types of civil filings that are in play here as well. And suppose it gets... There's a motion to seal filed at the same time. You get access before the court rules on sealing? I believe that our complaint, and we've joined with Courthouse News on these pleadings, seeks non-confidential public filings, not filings that are properly withheld from public view. Okay, but even that answer suggests a level of screening, and screening suggests that there has to be time for someone to screen it. And short of having a clerk's office person on staff 24-7, I'm trying to figure out where we draw the line, because if something is filed, say at five o'clock on a Friday, and everyone has gone home, does the clerk's office have to continue to work on over the weekend in order for there to be a determination that this is something the press has access to? I think that line can only be drawn based upon a developed record, and there clearly is not a developed record here. I believe that our position as the district court judge prejudged the merits of this case at the motion to dismiss which was improper. But you can answer that question though. And the question is at what point? Something is filed on a Friday, everybody has gone home for the weekend. Are you saying that there has to be somebody on call to process it over the weekend? The short answer to your question, your honor, is no. There has to be some level of reasonableness applied here, and again, we don't have a record that allows for a thoughtful understanding. If I'm understanding the idea, you tell me if this is the notion, because it is the notion that if that's not to say you don't have a right of access to it, that's to say that in that circumstance they might have a good reason for not giving you access to it, and it's a sufficiently good reason that it meets First Amendment scrutiny, and the idea would be in the e-filing system. That kind of reason won't be very credible, because they don't need to have anybody working there. It's just there. The hitch that I see, if that's what the implication is, is that when you're talking about sealed files and the possibility of sealing, how does that work in the e-filing system in terms of there being some opportunity for some screening? So it would be my understanding that if a complaint is filed with, for example, a motion to seal, that that would set up a roadblock to immediate access. Just as a matter of curiosity, suppose somebody files in the wrong county, and the clerk says, no, we can't accept it here. You're in the wrong county. Go down the road to the other county and file it there. Under Maine law, is that filed in the first county, which was the wrong county? That's a very good question. I've not encountered that. I'm not aware of Maine law that would provide an answer to that question. Okay. Well, I raise it because, in fact, we've seen more than a few cases in our court where exactly that has happened. Well, I think of the case you heard argued earlier this morning. Thank you very much. That was helpful. Thank you. Thank you, Mr. Kubitz. At this time, please mute your audio and video. Attorney Knowlton, please unmute your audio and video and introduce yourself on the record to begin. May it please the court, Thomas Knowlton for the Appalachians in this matter. The rules challenged by plaintiffs provide access to documents that are filed with the court while balancing the SJC's interest in the fair and orderly administration of justice. The claim that plaintiffs pled in their First Amendment complaint and argued to Judge Torreson is that the First Amendment requires courts to provide the media with instantaneous access, no screening, zero. Their theory is that the First Amendment requires instantaneous access. The Fourth and they use the word instantaneous versus. They use the word on receipt, and this morning, counsel said contemporaneous, meaning as soon as it's submitted to the court. That has been their position, no screening, and to the point that Judge Lynch and Judge Barron made, the court can't tell whether or not it's a complaint that's available to be submitted or provided to the public until it's reviewed to see whether a lawyer has signed it. But before it has, does it need to know the bar number to be able to determine it's a complaint? That's one of the issues that the court will bounce. The court will reject a document that's purportedly a complaint if the attorney doesn't put their bar number. And then once they put the number on it, when does the clock start for statute of limitations? Only once the bar number is on it or at the time it was filed before it was bounced? If a conforming document is ultimately provided, the file date would be the initial submission date. So the clock would start at the earliest date. However, Your Honor, many times that doesn't happen. And so under plaintiff's document that's submitted to the court but never accepted by the court would be a complaint that the judicial branch would be required to provide to the media. That, in our view, just doesn't make a lot of sense. Well, so what is your view? Is that it's a complaint only when you say it's a complaint? Your Honor, there's a presumption of regularity afforded to officials. And yes, it's a complaint that's available to be provided to the public when this ministerial review is provided, just like it was in the paper world. When a new complaint is submitted to a clerk in the paper world, there's a cover sheet, there's a check for the file. But I thought the representation was that in the paper world, even documents that didn't yet have the bar number were provided to the press regularly. That is not what's alleged in the complaint. And with all due respect to Mr. Kubits, that is not my understanding of the way it worked in the paper world. But for purposes of 12b-6, that is not what's alleged in the complaint. And so our view, Your Honor, is that even if the qualified First Amendment right attaches when a document is tendered to the court, it's a right to timely or not a right to instant or on receipt access. But you see, there's two different points that could be going on here. One is, when is it a judicial record to which they have access? And then the next question is, are there reasonable limits on the access that's granted to that judicial record? You seem to be arguing this is not a judicial record until all the processing has occurred. So there's no First Amendment scrutiny of any of the processing, because the processing is simply what is done to make it a record to which there is a right of access. But I don't know cases that support that proposition. We're not contending there's no First Amendment scrutiny here, Your Honor. What we're saying is that the court does not dispute that at some point after a complaint is filed, a qualified First Amendment right may attach. But what plaintiffs are asking for is instantaneous. I'm not interested in what they're saying. I want to figure out what you're saying right now. What are you saying? In other words, are you saying that there is no First Amendment scrutiny until all processing of the document is done such that you then designated a complaint? Your Honor, we think that under the logic and experience test, the First Amendment right does not attach until it is screened. But having said that, even if the First Amendment right attaches at the moment it's submitted, plaintiffs' facial and as-applied claims fail. Maybe that's right, but let's come to that in a second. Are you arguing, though, that they have no First Amendment right at all until processing is completed? Your Honor, our position is at the moment it's submitted to the court, it is an unopened piece of email. It is not clear whether it is a judicial record. Well, it being not clear doesn't totally help me. I think your position has to be it is not a judicial record. Correct. At that moment, correct, Your Honor. So how much processing are you entitled to do before it becomes a judicial record? That seems like the threshold question for your position requires us to figure that out. Your position can't be, or maybe it can be, however long you want to take with it until you hand it to the judge. It could be your view. I mean, how am I supposed to assess what is the test for figuring out when it becomes a record in the view of the state? No, Your Honor. Our view isn't however long a clerk happens to take. If there's a First Amendment right that attaches, it's a right to timely or contemporaneous access as the not a judicial record at all until the processing is complete. Because there's nothing to investigate. It's just like unopened mail. There's no right to that. How long are you delaying giving me the unopened mail? Forever, in your view. And that would be right. It's unopened. No, Your Honor. If your position instead is that there is a judicial record there that we have to give you some access to, what I would like to know is what is the government's test for what you're allowed to do in advance of determining it to be a judicial record? With respect to a document that you concede does have some legally operative effect because the moment it's filed, some of these non-conforming complaints, then when they're cleaned up, do count as of the time they were filed as a complaint. Correct, Your Honor. And what our papers say is that we agree that timely or contemporaneous access would be required under the First Amendment measured from the time it's first submitted to the court. That's what the data on the preliminary injunction motions was. Not when it's processed? Pardon me? Not when it's processed. First submitted is an unprocessed complaint. I'm sorry, Judge Thompson. What question are you asking? First submitted. First submitted is an unprocessed complaint. So, it sounds like at this point you're agreeing with the plaintiff. No, Your Honor. What we're saying is that the time for providing access that is operative ultimately under the First Amendment would be the time from when it's submitted to the court to when it's provided to the public. And what the record shows... Why, in your view, does the clock for First Amendment scrutiny start when it's first submitted rather than only after it's processed? I think to get around the point that you're making, Judge Barron, which is to try to avoid the argument that somehow this would allow clerks to hold on to... Okay, well, then you're conceding that it's a judicial record upon submission, and then the question is, how much time reasonably do you have before making access available to that judicial record? No, Judge Barron. We're not conceding that it's a document subject to the First Amendment when it's first submitted. Under the logic and experience test, we just don't think that that makes a lot of sense. You just said that. Mr. Knowlton, there is some tension, but I can see ways of reconciling it. The plaintiff's basic first-level argument, apart from what standard of review would apply, given your concession there is a qualified First Amendment right of access to the First Amendment. There aren't enough facts here, and the district court was too hasty in dismissing this case. Indeed, this morning, we have been treated to differences of view about what the facts are. So, you do have to defend against that claim. One might, at this point, have suggested that the federal court should leave Maine free, at least for a while, to develop this experimental system, but you have chosen not to do that. Instead, you seem to have taken the position that there is no First Amendment right at all when, in fact, you've somewhat inconsistently now just conceded there are First Amendment rights at issue, and it may well depend on what the facts show. Your Honor, if I may, in response, we do not concede that when the document is first submitted, before it is accepted by the court as a new civil complaint, which is all the plaintiffs are interested in this case, that at that initial moment that it is protected by the First Amendment, there is no positive functional value to providing a new story about a document that is initially submitted that might never get accepted for filing. Okay, but let's go to the parade of horribles. Let's say, for whatever reason, there is a pattern in the Maine court counties that have adopted e-filing that the processing time for the clerk to accept the document turns out to be a week or two weeks. Okay, just as a practical matter, it takes a very long time. Now, as I understood the plaintiff's case, yes, they would like instantaneous access, but they are also arguing the delays that we allege are taking place are themselves an undue burden on our First Amendment access. And at this point, we have no idea what those delays are or are not. At this point, we have no idea, because nobody's briefed it, whether the filing rule depends on processing or on what Maine law accepts as stopping the running of the statute of limitations. So, there do seem to be all sorts of unanswered questions here. Well, in terms of their complaint, Your Honor, they did not allege that there was any particular amount of delay. And since they're bringing a facial and as-applied challenge under their facial claim, they cannot show that there are no circumstances under which the rule is valid. Their facial claim... The as-applied, if you read the First Amendment amended complaint as an as-applied complaint, let's leave the niceties of facial out of it. They say there has been undue delay. You then, instead of moving for summary judgment, you then filed a bunch of stuff, three Glessner affidavits, which we cannot consider on a 12b6 dismissal, that said, no, there isn't any such delay. And we can explain to you why. It almost seems as though the state in making those filings is conceding that there have to be facts before the court in order to resolve this matter. Judge Lynch, the plaintiffs filed preliminary injunction motions. We filed declarations to in the record is because the plaintiffs filed P.I. motions, or at least two of them. One of our Glessner declarations went to support... We don't have the P.I. in front of us. We just have the motion to dismiss, correct? The court denied the P.I. as moved and granted the motion is dismissed. That's correct, but in terms of... I just wanted to understand what's before us right now. It's in the appendix, and when the plaintiffs say, well, we really want to know what happened during the first X months of this program, they know what happened. It's in the record. They know what the extent of delays were during... It's not part of the record for the 12b6 motion, that's all. Agreed, your honor. Yes. Judge Thompson, did you have any further questions? I'm good, thank you. Okay, we went over with your opponents. If you want to just take a minute to wrap up. Sure. Thank you, your honor. Regardless of whether a first amendment right attaches when a document is tendered to the court or when it's accepted for filing, the court should affirm the district court judgment because plaintiffs fail to allege a plausible claim to relief. Thank you. Thank you. At this time, attorney Smith, you have a two-minute rebuttal. Thank you. Barbara Smith again. Chief Judge Barron, to respond to your question about when the statute of limitations and filing deadlines attach, that's at the record appendix 294 to 295. It's RECS 35B that says for an electronically submitted document, any filing deadlines or statute of limitations is the initial filing, even if the document is later rejected and refiled. Just wanted to make sure we answered that question. Judge Lynch, in response to your hypothetical about... I'm sorry, and refiled, meaning it's later accepted for filing, right? That's right. It's filed, it goes through the statute of limitations. And accepted for refiling. Correct. So in this circumstance, we're talking about a complaint that's filed that, for example, doesn't have a main bar. The difficulty is that essentially these non-conforming complaints are contingently complaints at the moment of their non-conforming filing because we just don't know whether there'll be a complaint at all until we see what happens when they conform. But it's also the case that, unlike some documents, they have the chance of being a complaint upon filing. I don't think that's the right way to look at it, Judge Barron. I think the right way to look at it is that when the attorney walks into the courthouse or submits the e-filing button that says, I am filing a complaint, the complaint is filed and there's a presumption that that's a complaint. And then if there's some sort of processing that happens after that, that is according to the rules ministerial for things like bar numbers and it just determines whether the complaint complies with the rules. So it assumes that it is, in fact, a complaint. It's just a noncompliant one. So I do think that distinction is really important. And to the extent the clerk's office is looking at these documents to determine whether or not they are substantively complaints, that's not a content-neutral application of the rules. And time, place, and manner scrutiny would not be an appropriate scrutiny to apply to something that's content-based. So if they're trying to figure out whether it's a judicial record, you're not even asking for things that aren't complaints. So you want them to distinguish between things that are complaints and things that aren't. When the attorney walks in the door or presses the button that says, I'm filing a complaint, that's a complaint. If it's rejected for ministerial reasons, for noncompliance with the rules that govern complaints and is later refiled, I think we're still entitled to access to that nonconforming complaint. You have about half a minute left. Thank you. Judge Lynch, in response to your question about reporters not living at the courthouse, I think the operative question is, when does the First Amendment right attach, not when does the media exercise that right? So the fact that in the paper filing world, Ms. Smith, the much more important argument you have to address is the state's assertion that the only claim you are making under the First Amendment is instantaneous access at exactly the same time that the lawyer or pro se electronically files the complaint. He says that is the only assertion you are making. If so, I don't understand why the First Amendment complaint talked about delays in processing. So in your First Amendment complaint, amended complaint, are you saying that the narrow theory that he attributes to you? If I may articulate what we are alleging in our First Amendment complaint, it is the right to contemporaneous access of civil complaints at the time they are filed and before the ministerial processing that the clerk's office undertakes under the main rules. And we're not asking for instantaneous access in any sort of abstract sense. We're just asking for the court to apply the press enterprise to scrutiny that applies to judicial records. Once you have a complaint filed, then the government has to justify withholding it. That's all we're asking for. I think that's a relatively straightforward proposition. I'm sorry, you just confused me. He says you're asking for instantaneous access. You just said, no, we're not. I thought you just told us as in the nanosecond it takes for the e-filing to be made, whether it's a conforming complaint or not. At that moment, the press has access. I'm not clear about what your theory is. The First Amendment right of access attaches to makes this an easy question because the lawyer chooses the option, I am filing a complaint. And so once that is filed on the electronic system, we've said we are able to have contemporaneous access in other courts that use this system. And to the extent you are denying us that access, you have to justify it. That's all we're saying. That's why it's not instantaneous access in the abstract sense. It is just the reality of the facts on the ground is that e-filing allows for very close in time access to the point at which the lawyer hits submit and when it can be made available to the press. So technology makes this easier. Just last thing, just maybe this will help just given the words you're using. It may be that you think they'll never be able to justify it because there are no reasons that will ever count. But for purposes of this appeal, you're saying any justification would have to have a factual predicate that's simply not present given your whether to justify it. It's under time, place, and manner or strict scrutiny because given your allegations, we just have to say at least there needs to be factual showing if they're going to try and justify it. That's the thrust of your position, right? That's absolutely right, Judge Barron. Thanks. I just have one more question because the way you termed it a few minutes ago, you said the case is filed. You're not seeking instantaneous access. You're seeking contemporaneous access. But once it's filed, you label what the state is doing as withholding, not providing. That's right, Your Honor. Because I think in the electronic... How is that not seeking instantaneous access because once it's filed, if it's not provided to you, then it would be withheld according to your theory. In the electronic filing world, we think that contemporaneous access is very close to instantaneous access and is easy and costless to provide. But to the extent there is any sort of justifiable delay in the time between the filing of the complaint and the presentation of the complaint to the press, that is what Press Enterprise 2 requires the government to develop facts to justify. That's all we're saying. Send this back so the government can explain why it meets the heightened scrutiny that applies either under the rigorous Press Enterprise 2 test or under the still heightened time, place, and manner test to survive that delay. It's not our burden to show that they have a good reason for doing it. It's their burden to develop that during discovery. I know this is a disputed fact and you said that the link could be provided for free. Their affidavit said that it would cost tens of hundreds of thousands of dollars. Are you saying that that would simply be part of their burden to justify not doing it? If that's true, that is evidence they could put on on remand. But at this point, I think what the court has to take as true is our allegations in the first amended complaint that it is costless to provide this and that has been shown in many other courts across the country. So we put on affidavits and evidence not before the court that explain why that's so. But the operative question for the court to evaluate that is what is the allegation in the first amended complaint? The allegation in the first amended complaint is that you can do this in a way that doesn't cost the clerk's office any money. And so if that's not true for some reason, I question whether that's so, but that's something the other side will have the opportunity to develop on remand. Thank you. Thank you, Your Honor. Thank you. That concludes the arguments for today. This session of the Honorable United States Court of Appeals is now recessed until the next session of the court. God save the United States of America and this Honorable Court. Counsel, you may disconnect from the hearing.